**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING**
**TO POLICY NO. TCN034699 AND**
**TAPCO UNDERWRITERS, INC.**                                    **PLAINTIFFS**

**VS.**                              **CIVIL ACTION NO: 5:13-cv-113-DCB-MTP**

**EMMA BELL AND**
**JOHN BELL**                                                   **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART**
**MOTION TO STRIKE THIRD DEFENSE**

Before the Court is the Plaintiffs', Certain Underwriters at Lloyd's Subscribing to Policy No. TCN034699 and TAPCO Underwriters, Inc., Motion to Strike Third Defense **[docket entry 14]**. Having carefully considered the Motion, the Defendants' response, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds as follows:

Factual Background

In May 2012, Defendants John and Emma Bell (collectively, "the insureds") filed a claim for damage resulting from the collapse of an 8,900 square foot wood framed barn. The insureds had previously obtained a policy through Southgroup Insurance and Financial Services, LLC ("Southgroup"), which acted as agent for the Plaintiffs Certain Underwriters at Lloyd's Subscribing to Policy

1

No. TCN034699 ("Lloyd's") and TAPCO Underwriters, Inc., ("TAPCO") (collectively, "the underwriters"). Defs.' Resp. 3, ECF No. 19. The dispute arises from whether this barn is covered by the insureds' policy. After the insureds filed their claim, an insurance adjuster came to inspect the property and determined that there were two unattached buildings: (1) a 900 square foot steel framed building and (2) the 8,900 square foot wooden barn. Compl. ¶13, ECF No. 1. Although the steel framed building is not the subject of a claim, the underwriters do not contest that it is covered by the insureds' policy; rather they argue that the policy covers the steel framed building exclusively. The insureds' claim was denied, based on this interpretation of the policy. Compl. ¶15.

The underwriters initiated this declaratory judgment action on July 29, 2013, asserting diversity jurisdiction. They are seeking a judgment that they bear no liability for the claim filed by the insureds and that the Court award the underwriters their attorneys' fees and costs related to this suit. Compl. p. 8. The insureds previously filed an action in state court against the underwriters and Southgroup on April 16, 2013. Defs.' Resp. p. 4, ECF No. 19. Lloyd's and TAPCO are foreign corporations, whereas Southgroup is a Mississippi corporation. Defs.' Resp. p. 2.

In their answer to the complaint in this case, the insureds asserted a Third Defense:

"Defendants assert that Plaintiffs have unclean

>hands in that they have filed this matter in this Court with full knowledge of a corollary suit previously filed in State court. In filing this action, Plaintiffs have failed to join a necessary State Court defendant in a blatant attempt to invoke the jurisdiction of this Court. In doing so Plaintiffs have also failed to join an indispensable party to this action. Defendants therefore move to have this matter consolidated with the earlier filed State Court Action."

Answer p. 2, ECF No. 12. The underwriters have moved to strike this defense.

## Analysis

This Court has the power to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court may act of its own volition or in response to a motion from a party. Id., at 12(f)(1)-(2). However, motions to strike defenses are disfavored as a drastic remedy. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982); Fed. Deposit Ins. Corp. v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993); Equal Emp't Opportunity Comm'n v. LHC Group, Inc., No. 1:11cv355-LG-JMR, 2012 WL 3242168, at *1 (S.D. Miss. Aug. 7, 2012). "Where there are disputed questions of law or fact, the court

should leave the sufficiency of the allegations for determination on the merits." LHC Group, 2012 WL 3242168, at *1 (citing Solis v. Bruister, No. 4:10cv77-DPJ-FKB, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012)). Further, the movant must show that it would be prejudiced if the defense is not struck. Id., at *1. A motion to strike a defense is "proper when the defense is insufficient as a matter of law." Kaiser Aluminum, 677 F.2d at 1057.

The underwriters make four arguments in support of their motion to strike which will be taken in turn. First, they argue that the Third Defense is improper because therein contained is a motion contra to Local Rule 7(b)(2)(A). Second, they argue that the defense is facially insufficient under Rule 8(b)(1)(A)[1] because it does not name the party which should have been joined. Third, they argue that joinder is not required under Rule 19 and the defense is therefore legally insufficient. Fourth, the underwriters argue that the insureds are not entitled to relief based on this defense because the state court suit is substantially different from the present action.

I. Local Rule 7(b)(2)(A) Prohibits Motions within an Answer

The underwriters correctly note that this Court will not recognize a motion contained in the answer. Local Rule 7(b)(2)(A)

---

[1] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

states that "[a]ffirmative defenses must be raised by motion. Although the affirmative defense may be enumerated in the answer, the court will not recognize a motion included within the body of the answer, but only those raised by a separate filing." L. U. Civ. R. 7(b)(2)(A); see also United States v. Stanley, No. 4:11cv117-DCB-RHW, 2013 WL 3471467, at *1 (S.D. Miss. Jul. 10, 2013) ("[A]n affirmative defense should be raised by motion.").

The insureds do not contest this argument in their response. Therefore, this Court finds that it will not recognize the motion contained in the answer and will accordingly grant Plaintiffs' motion to strike as to the final sentence of the Defendants' Third Defense.


II. Third Defense Meets the Pleading Standard of Rule 8(b)(1)(A)

Rule 8(b) requires that a party "state in short and plain terms its defense to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although the underwriters did not specifically argue that the Third Defense should be required to meet the heightened Rule 8(a) standard, they did state that the Third Defense failed to meet the short and plain terms requirement of Rule 8(b). Therefore, the Court finds it necessary to determine with what standard the Third Defense should be judged.

Some courts have applied the Supreme Court's rulings from Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal on the short and

plain statement required by Rule 8(a) to Rule 8(b). The question of whether the heightened pleading standard established in <u>Twombly</u> and <u>Iqbal</u> applies to pleading defenses has not been answered by the Fifth Circuit. However, another court in the Southern District of Mississippi has resolved this issue. <u>See</u> <u>LHC Group</u>, 2012 WL 3242168, at *2-3. Judge Guirola states in <u>LHC Group</u> that the heightened standard should not apply because of (1) the different language used in Rules 8(a) and 8(b), (2) the simplicity and brevity of example defenses provided in the Rule 84 forms, (3) the diminished need for notice of an affirmative defense, and (4) the encouragement given to defendants to plead affirmative defenses to prevent waiver. <u>Id.</u> Further, there is evidence that this interpretation is the majority view. <u>See</u> Janssen, William M., <u>The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses</u>, 70 Wash. & Lee L. Rev. 1573, 1604-06 (2013) ("[T]here is indeed today a national majority on the issue of [<u>Twombly</u> and <u>Iqbal</u>]'s applicability to affirmative defenses, but it is decidedly in the direction of refusing to apply 'plausibility' to such pleadings.") Therefore, the Court will apply the fair notice standard, which requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced . . . [M]erely pleading the name of the affirmative defense . . . may be sufficient." <u>Woodfield v. Bowman</u>, 193 F.3d 354, 362 (5th Cir.

6

1999).

Here, the insureds clearly state in their Third Defense that the underwriters failed to join "a necessary State Court defendant." Answer p. 2, ECF No. 12. Also in the Third Defense, the insureds reference the antecedent pending state court suit. The underwriters argue that the failure of the insureds to name this necessary party is fatal under Rule 8(b). The Court disagrees. The plaintiffs have sufficient information as to who the insureds will argue is indispensable to this action. Furthermore, the insureds have named the missing party as Southgroup in their response to the motion to strike. See Defs.' Resp. p. 1, ECF No. 19 ("[Southgroup] is a Necessary and Indispendable Party to this Dispute."). Therefore, the Third Defense meets the notice pleading requirements of Rule 8(b).

III. Third Defense is not Insufficient as a Matter of Law

As noted above, a motion to strike a defense is appropriate when the defense is insufficient as a matter of law. But "a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent. . . ." 5C C. Wright & A. Miller, Federal Practice and Procedure §1381 at 427-28 (3d ed. 2004). A defense is insufficient as a matter of law if it "clearly appears that the plaintiff would succeed despite any state of facts which could be proved in support of the defense." Fed. Deposit Ins. Corp. v.

Eckert Seamans Cherin & Mellott, 754 F. Supp. 22, 23 (E.D.N.Y. 1990). Whether a defense is sufficient "depends, of course, on the nature of . . . the particular defense that is in question." Federal Practice and Procedure §1381, at 410. If the insureds have plead, at a minimum, sufficient facts to show that Southgroup may be an indispensable party, then the underwriters' motion should be denied. See 7 C. Wright, A. Miller, & M.K. Kane, Federal Practice and Procedure §1609 at 129 (3d ed. 2001) ("The [initial] burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication.") The Court will not determine in a motion to strike whether Southgroup should be joined or whether the case should be dismissed.

"There is no precise formula for determining whether a particular party must be joined under Rule 19(a)." Faloon v. Sunburst Bank, 158 F.R.D. 378, 380 (N.D. Miss. 1994). A court is to look to the two tests set out in Rule 19(a)(1) and make its decision "in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." Id. The Court finds that the insureds have sufficiently pled that Southgroup is a required party to survive this motion to strike. Southgroup served as the agent for Lloyd's in selling the policy to the insureds. Defs.' Resp. p. 3, ECF No. 19. Further, the insureds

allege that they relied on the "advice and representation" of Southgroup, which "induced [the insureds] to purchase the policies" believing that the wooden barn would be covered. Defs.' Resp. p. 3.

### IV. Motion to Strike is Inappropriate Forum to Decide Whether Court should Abstain because of Pending State Court Litigation

The underwriters' final argument is that the Court should not abstain from hearing this case for the reason that it is distinct from the state court litigation involving these same parties. Ultimately, the decision whether to grant a motion to strike is within the court's discretion. <u>Niblo</u>, 821 F. Supp. at 449. Further, when a motion to strike contains a substantial question of law, courts are unwilling to resolve the question on the motion but should "leave the sufficiency of the allegations for determination on the merits." <u>Augustus v. Bd. of Public Instruction of Escambia Cnty., Fla.</u>, 306 F.2d 862, 868 (5th Cir. 1962). The Court finds that an abstention question is a substantial legal question best raised in a dispositive motion, rather than a motion to strike.

### V. The Underwriters Have Not Shown Any Prejudice

The Court alternatively finds that the motion to strike should be denied, excluding the argument related to Local Rule 7, because the underwriters have not demonstrated how they are prejudiced by the Third Defense. Absent a showing of prejudice to the moving party, a court generally should not grant a motion to strike

pleadings. Conn v. United States, 823 F. Supp. 2d 441, 446 (S.D. Miss. 2011); see also Federal Practice and Procedure § 1381, at 421-22 ("[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."). Prejudice results to the moving party where the allegation or defense would have "the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." Cumis Ins. Soc., Inc. v. Peters, 983 F. Supp. 787, 798 (N.D. Ill. 1997). Further, to be prejudicial, the defense must hamper a party's ability to try their case, most often related to some delay in the case. See Conn, 823 F. Supp. 2d at 446 (holding that delay in case was not prejudicial); Am. So. Ins. Co. v. Buckley, 784 F. Supp. 2d 610, 628 (E.D. Tex. 2010) (holding that the untimeliness of the pleadings was not sufficiently prejudicial). The only reference to what prejudice could result to the underwriters is "be[ing] faced with pretrial dispositive motions." Pls.' Reply p. 1, ECF No. 21. The Court finds this unpersuasive.

## Order

Based on the foregoing reasons,

IT IS HEREBY ORDERED that plaintiffs, Certain Underwriters at Lloyd's Subscribing to Policy No. TCN034699 and TAPCO Underwriters, Inc.'s, motion to strike is DENIED in part and GRANTED in part.

FURTHER ORDERED that the sentence "Defendants therefore move to have this matter consolidated with the earlier filed State Court Action." is stricken from the defendants', Emma and John Bell, Third Defense in their answer.

SO ORDERED, this the 10th day of September 2014.

/s/ David Bramlette<br>UNITED STATES DISTRICT JUDGE