IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CERTAIN UNDERWRITERS AT LLOYD'S SUBSCRIBING
TO POLICY NO. TCN034699 and
TAPCO UNDERWRITERS, INC.**                                    **PLAINTIFFS**

**VS.**                             **CIVIL ACTION NO: 5:13-cv-113-DCB-MTP**

**EMMA BELL and JOHN BELL**                                   **DEFENDANTS**

<u>ORDER GRANTING SUMMARY JUDGMENT</u>

This cause is before the Court on Plaintiff's, Certain Underwriters at Lloyd's Subscribing to Policy No. TCN034699 and TAPCO Underwriters, Inc., Motion for Summary Judgment **[docket entry no. 25]**. Having reviewed the motion and responses, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual and Procedural Background

In August of 2011, Defendants Emma Bell and her husband John Bell (collectively "the insureds") insured property through Southgroup Insurance and Financial Services, LLC, ("Southgroup"), acting as agent for Plaintiffs Certain Underwriters at Lloyd's Subscribing to Policy No. TCN034699 ("Lloyd's") and TAPCO Underwriters, Inc., ("TAPCO") (collectively "the underwriters"). Although both Bells are defendants in this action, only Emma Bell's name appears on the policy. In May of 2012, the insureds filed a

1

claim on this policy. An 8,900 square foot wood framed barn had collapsed. After the insureds filed the claim, an insurance adjuster came to inspect the property and determined that there were two unattached buildings: (1) a 900 square foot steel framed building and (2) the 8,900 square foot wood barn. Although the steel framed building is not the subject of a claim, the underwriters argue that the policy covers only the steel framed building. On October 4, 2012, the insureds' claim was denied.

On April 16, 2013, the insureds filed suit in the Circuit Court of Claiborne County, Mississippi, alleging bad faith denial by Lloyd's, TAPCO, and Southgroup. On July 29, 2013, the underwriters initiated this declaratory judgment action, asserting diversity jurisdiction.[1] On August 1, 2014, the underwriters moved for summary judgment arguing that no coverage existed, and even if it did, the insureds voided coverage by refusing to submit to an under oath examination. During the briefing for this motion, the state court rendered a decision in favor of the underwriters on theories similar to those advanced in this Court. The Court ordered the insureds to respond to arguments concerning preclusion made by the underwriters, and they did so.

## II. Analysis

---

[1] Lloyd's and TAPCO are foreign corporations, whereas Southgroup is a Mississippi corporation.

A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The moving party bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must meet his burden with more than metaphysical doubt, conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d

1069, 1075 (5th Cir. 1994). A party asserting a fact is "genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## B. Preclusion

"The Full Faith and Credit Act, 28 U.S.C. Section 1738, requires federal courts to give the same preclusive effect to state court judgments that those judgments would receive in the courts of the state from which the judgments emerged." Capital City Ins. Co. v. Hurst, 632 F.3d 898, 903 (5th Cir. 2011) (citation omitted). Federal courts look to state law to determine whether a state court judgment should be given preclusive effect. Duffy & McGovern Accommodation Servs. v. QCI Marine Offshore, Inc., 448 F.3d 825, 828 (5th Cir. 2006) ("[W]e ask whether, under state law, the state order is preclusive."). The underwriters argue that their favorable state court judgment should collaterally estop the insureds from pursuing their case here.

Under Mississippi law, collateral estoppel precludes parties

4

"from relitigating a specific issue [1] actually litigated, [2] determined by, and [3] essential to the judgment in a former action. . . ." Norman v. Bucklew, 684 So. 2d 1246, 1254 (Miss. 1996), overruled on other grounds Jones v. Fluor Daniel Servs. Corp., 32 So. 3d 417, 422 (Miss. 2010). The operation of collateral estoppel requires a valid and final judgment. The Mississippi Supreme Court has held that "a judgment is 'final' for res judicata and collateral estoppel purposes even though pending on appeal." Smith v. Malouf, 597 So. 2d 1299, 1301 (Miss. 1992). However, "a judgment from which an appeal has been taken loses its collateral estoppel or res judicata effect upon being reversed by the appellate court." Id., at 1302.

The state court entered an order granting the underwriters' motion for summary judgment on August 28, 2014. Reply Ex. 1, ECF No. 30-1. The state court entered a final judgment in favor of the underwriters on September 2, 2014. Notice Supplemental Authority Ex. A, ECF No. 32-1. On September 11, 2014, the state court entered an order clarifying its prior order granting summary judgment. Response Ex. A ("Clarifying Order"), ECF No. 35-1. The state court found as follows:

> In August 2011, Plaintiff Emma Bell applied for a policy of property insurance through [Southgroup]. The application requested insurance for a 900 square foot steel building. Plaintiff Emma Bell signed the application attesting that the statements contained therein were true and accurate. However, Plaintiff Emma Bell admitted that she never read the application before signing it. Southgroup procured the insurance from

> [TAPCO] and TAPCO issued Plaintiff Emma Bell the policy on August 24, 2011. In May 2012, Plaintiff Emma Bell made a claim on the policy when a wooden structure on the Plaintiffs' property collapsed. The wooden structure sat adjacent but separate from the insured steel building. [The underwriters] commissioned an investigation by a claims adjustor and a forensic engineer. Ultimately, it was concluded that the wooden structure was not covered under the subject policy[,] and the claim was denied.
> The Court finds that the subject policy of property insurance did not afford coverage of the separate, larger building on Plaintiffs' property and, accordingly, finds summary judgment is proper as to all Plaintiffs' claims. The Court finds that Plaintiff Emma Bell had an obligation to read the contract before signing it. The Court finds that the policy clearly covered only the smaller, steel building on the property. As a result, the Court finds that it was unreasonable for Plaintiffs to have relied upon any representations contrary to the contents of the policy. Therefore, the Court finds that summary judgment is proper as to all Plaintiffs['] claims and as to [all defendants].

Clarifying Order p. 1-2. The only argument the insureds make to prevent application of collateral estoppel is that they have appealed the state court judgment. Response ¶ 4, ECF No. 35. Because this argument has already been rejected by the Mississippi Supreme Court as discussed above, the Court adopts the state court findings above and further finds that no genuine issue of material fact exists and that the underwriters are entitled to judgment as a matter of law. Therefore, the motion for summary judgment will be granted.

The Court finds that awarding fees and costs would be inappropriate in this case.

IV. Order

IT IS HEREBY ORDERED that the plaintiffs' Motion for Summary Judgment is GRANTED.

A final judgment in accordance with Federal Rule of Civil Procedure 58 will follow.

SO ORDERED this the __30th_ day of December, 2014

                                      s/ David Bramlette
                                   UNITED STATES DISTRICT JUDGE